IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-1127-W |
| ) | |
| CAROLYN W. COLVIN, acting ) | |
| Commissioner Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Amy Wells (Plaintiff) invokes this Court's jurisdiction under the Social Security Act to obtain judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying Plaintiff's application for supplemental security income benefits. *See* 42 U.S.C. § 405(g). United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). After carefully reviewing the pleadings, the administrative record (AR), and the parties' briefs, the undersigned recommends the Commissioner's decision be reversed and the matter remanded for further proceedings.

### I. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## II.   Claimed error.

The ALJ found at step two of his sequential analysis that Plaintiff satisfied her initial burden of proving she was severely impaired by multiple sclerosis with optic neuritis, posttraumatic stress disorder, and depression. AR 17-20. At step three, however, he concluded that Plaintiff failed to establish that any of these three impairments, alone or in combination, met or medically equaled "the severity of one of the listed impairments in 20 CRF Part 404,

2

Subpart P, Appendix 1 . . . ." *Id.* at 20.[1]

Plaintiff's primary contention is that the ALJ failed to conduct a proper analysis in making his step three findings. Doc. 14, at 7-13. The undersigned agrees and declines to address Plaintiff's claim of error at step five. *See Watkins v. Barnhart*, 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## III. Analysis.

### A. Standard of review.

The court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

### B. The ALJ failed to correctly consider Plaintiff's multiple sclerosis at step three.

Plaintiff points to the ALJ's step three findings and contends that "there is absolutely no analysis, mention or discussion by the ALJ of any kind whether or not the Plaintiff's admittedly severe impairment of multiple sclerosis met or

---

[1] "The Listing of Impairments . . . describes for each of the major body systems impairments that [are] consider[ed] to be severe enough to prevent an [adult] from doing any gainful activity. . . ." 20 C.F.R. § 416.925(a).

3

equaled any specific impairment, specifically listing 11.09." Doc. 14, at 9.

The Commissioner takes issue with the Plaintiff's assertion, arguing that "a review of the ALJ's decision shows that he explicitly stated that while Plaintiff has multiple sclerosis, she did not meet the requirements for a listed neurological impairment." Doc. 15, at 3. She directs the court to these findings by the ALJ:

> The claimant has reported having multiple sclerosis.[2] The claimant does not have a level of intelligence of 70 or less. She does not have the degree of abnormal behavior patterns anticipated by the listed impairment. She has no speech problems. She does not have a significant interference of hearing or vision. She does not have a consistent and significant loss of motor function in two or more extremities, resulting in a loss of gait and station or of a lack of gross and fine manipulation, lasting for twelve or more consecutive months. The claimant does not meet the requirements for a listed neurological impairment.

AR 21. The snag for the Commissioner is that while she is correct that the ALJ did *purport* to consider whether Plaintiff's multiple sclerosis met the severity of a listed neurological impairment, the neurological impairment considered by the ALJ was plainly cerebral palsy under listing 11.07, not multiple sclerosis under listing 11.09. *See* 20 C.F.R. pt. 404, subpt. P, App. 1, §§ 11.07, 11.09 (Apr. 1, 2013).

Nonetheless, and without acknowledging that the ALJ had considered the

---

[2] In light of his finding that Plaintiff is severely impaired by MS, the ALJ's choice of words is perplexing.

wrong neurological listing, the Commissioner proceeds on, admonishing the court to not "'insist on technical perfection'"[3] and advising "that when an ALJ considers the evidence that clearly shows the claimant does not meet the Listings and the ALJ's step four analysis is sound, then the Court must find that not discussing a specific listing at step three is harmless error."[4] Doc. 15, at 4.

The undersigned cannot agree with the Commissioner that it is too exacting to require that the ALJ analyze whether Plaintiff's admittedly severe multiple sclerosis satisfies the listing for multiple sclerosis rather than the listing for a random neurological impairment such as cerebral palsy. And, as the Commissioner acknowledges "that the evidence shows that . . . there may be instances where Plaintiff has met some of the medical criteria . . . of Listing 11.09," Doc. 15, at 5, remand is required. *See Groberg v. Astrue*, 415 F. App'x 65, 72 (10th Cir. 2011) ("[W]here as here there is evidence that may meet the listing requirements, the ALJ is required to provide a proper analysis.) (emphasis omitted).

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the Commissioner's decision be reversed and the matter remanded for further

---

[3] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

[4] *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

proceedings.

The undersigned advises the parties of their right to object to this Report and Recommendation by October 22, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 2nd day of October, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE